IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PHIRRONNIUS EDWARDS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-82-WLS |
| | : | |
| Warden SHAWN GILLIS, | : | |
| Respondent. | : | |
| | : | |
| _____ | : | |

## **ORDER**

Before the Court is United States Magistrate Judge Thomas Q. Langstaff's Order and Recommendation (Doc. 12), entered on May 6, 2024, recommending that Respondent's Motion to Dismiss Petition as Untimely (Doc. 9) be granted. He further recommends denying Petitioner a certificate of appealability.

Petitioner filed a Petition for Writ of Habeas Corpus against Respondent Gillis on July 31, 2023. (Doc. 1). In the Petition, the Petitioner challenges his 2012 Colquitt County convictions for felony murder and unlawful possession of a firearm during the commission of a felony. (*Id.*) Petitioner was sentenced to life plus five (5) years. (Doc. 10-3, at 6). His convictions were affirmed on direct appeal to the Supreme Court of Georgia on May 9, 2016. *Edwards v. State*, 785 S.E.2d 869 (2016). Petitioner did not seek further appellate review.

About three (3) years later, on January 20, 2020, Petitioner filed a *pro se* state habeas petition in the Superior Court of Wheeler County, Georgia, challenging his convictions and sentences. (Doc. 10-43. After an evidentiary hearing on October 25, 2021, the state habeas court denied relief, and Petitioner's application for a certificate of probable cause was later denied on June 21, 2023. (*Id.*); (Doc. 10-5). Thereafter, Petitioner filed this federal habeas corpus petition on July 20, 2023, wherein Petitioner challenges the validity of his convictions and sentences. (Doc. 1). Respondent filed a Motion to Dismiss the Petition as Untimely (Doc. 9).

Judge Langstaff issued the instant Order and Recommendation (Doc. 12), recommending that Defendant's Motion to Dismiss as Untimely (Doc. 9) be granted. In making his recommendation, Judge Langstaff found that Petitioner's federal habeas petition was untimely filed. The AEDPA, which is codified at 28 U.S.C. § 2241 *et seq.*, imposes a one-year statute of limitations to federal habeas petitions, running from the date on which the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A); (Doc. 12, at 3).

Here, upon review of the record Judge Langstaff found that Petitioner had ninety (90) days after the Supreme Court of Georgia affirmed his convictions and sentence on May 9, 2016, to file a certiorari petition in the United States Supreme Court; however, Petitioner had not done so. (Doc. 12, at 3). Therefore, Petitioner's conviction became final after ninety (90) days thereafter, which would have been August 8, 2016. (*Id.*) Therefore, Judge Langstaff found that Petitioner had one (1) year from August 8, 2016, to either file the instant federal petition or toll the limitations period by filing a habeas petition. (*Id.*) However, Petitioner waited to file the federal petition until July 20, 2023, and waited to file his state habeas petition on January 30, 2020. (Docs. 1; 10-3).

Furthermore, Judge Langstaff determined that Petitioner's filing of the state habeas petition did not toll the one-year period set out in § 2244. (Doc. 12, at 3). For equitable tolling to apply, Petitioner bears the burden of showing that such tolling is warranted by demonstrating both his (1) diligent efforts to timely file the federal petition and (2) extraordinary and unavoidable circumstances. (*Id.* at 4) (citing to *Melendez v. Secretary, Dept. of Corr.*, 247 F. App'x 18, 189 (11th Cir. 2007)). However, upon review, Judge Langstaff found that Petitioner failed to make a showing that he is entitled to equitable tolling. Additionally, Judge Langstaff also determined that Petitioner has not provided any probative evidence of actual innocence, which would be another exception to AEDPA's statute of limitations. (*Id.* at 4–5). In sum, Judge Langstaff recommends that the Court grant Defendant's Motion to Dismiss as Untimely (Doc. 9).

More than fourteen (14) days passed without any objections to the Recommendation (Doc. 12) being filed. Thus, the Court has reviewed the Recommendation (Doc. 12) and finds no plain error or manifest injustice therein.

## **CONCLUSION**

Upon full review and consideration of the record, the Court finds that the Order and Recommendation (Doc.12) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for reason of the findings made and reasons stated therein. Thus, Respondent's Motion to Dismiss Petition as Untimely (Doc. 9) is **GRANTED**. Accordingly, Petitioner's § 2254 Petition is **DISMISSED**.

**SO ORDERED**, this 24th day of May, 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**